**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 05-80367-CIV-JOHNSON**

SECURITIES AND EXCHANGE COMMISSION,

     Plaintiff,

vs.

K.W. BROWN AND COMPANY, 21ST CENTURY
ADVISORS, INC., K.W. BROWN INVESTMENTS,
INC., KENNETH BROWN, WENDY BROWN,
and MICHAEL CIMILLUCA, JR.

     Defendants.

_____/

**FINAL JUDGMENT FOR PLAINTIFF**
**AND ORDER CLOSING CASE**

**THIS CAUSE** came on for non-jury trial, Magistrate Linnea R. Johnson
presiding by agreement of the parties, on Plaintiff's, Security Exchange
Commission's ("SEC's") action for injunctive and other relief against Defendants K.W.
Brown & Company ("Brown & Company"), 21st Century Advisors, Inc. ("21st Century"),
(collectively the "Advisers"), K.W. Brown Investments, Inc. ("Brown Investments"), Kenneth
Brown ("Ken Brown"), Wendy Brown ("Wendy Brown") and Michael Cimilluca ("Cimilluca")
(collectively "Defendants"), for violations of the anti-fraud and books and records provisions
of the federal securities laws.  The Complaint sounds in five counts, all involving an alleged
cherry-picking scheme which Plaintiff contends netted the Defendants more than 4 million
dollars while illegally passing more than 9 million dollars of losses onto unsuspecting

investors who had placed their trust in Ken Brown and the Investment Advisers.

Specifically, the Complaint alleges: violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") against Defendants Brown & Company, 21st Century, and Ken Brown (Count I); violations of Section 10(b) and Rule 10(b)-5 of the Securities Exchange Act of 1934 ("Exchange Act") against Defendants Brown & Company, 21st Century, and Ken Brown as primary violators and Defendants Cimilluca and Brown Investments as aiders and abettors (Count II); violations of Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") against Defendants Brown & Company and 21st Century, as primary violators and Defendants Ken Brown, Cimilluca and Brown Investments as aiders and abettors (Count III); violations of Section 207 of the Advisers Act against Defendants Brown & Company, 21st Century, Ken Brown and Wendy Brown (Count IV); and, violations of Section 204 and Rules 204-1(a)(2) and 204-2(a)(8) of the Advisers Act against Defendants Brown & Company and 21st Century as primary violators and Ken Brown and Wendy Brown as aiders and abettors.

The issues having been tried and the Court finding that based upon the evidence and testimony submitted and considering the relevant case law, judgment should be rendered in favor of Plaintiff and against Defendants on all counts of the Complaint,  it is hereby,

**ORDERED AND ADJUDGED** as follows:

(1)  judgment shall be entered in favor of the Plaintiff SEC and against the Defendants Brown & Company, 21st Century, Brown Investments, Ken Brown, Wendy Brown and Michael Cimilluca on all counts of the Complaint;

2

(2) Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 ("Securities Act"), Section 10(b) and Rule 10(b)-5 of the Securities Exchange Act of 1934 ("Exchange Act"), Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act"), Section 207 of the Advisers Act, and Section 204 and Rules 204-1(a)(2) and 204-2(a)(8) of the Advisers Act;

(3) Defendants are hereby ordered to disgorge all profits made from their cherry-picking scheme.  In this regard the Defendants are held jointly and severally liable, and are responsible for disgorging the $4.5 million in profits Defendants obtained. Defendants are also held jointly and severally liable, and are responsible for disgorging the $296,147 Cimilluca diverted to his account and accounts Cimilluca managed by placing 99.65% winning trades into these accounts. (See Trial Ex. 816). Defendants are hereby ordered to disgorge the sums referred to in this paragraph within fifteen (15) days after entry of this Final Judgment by certified check, bank cashiers check, or United States postal money order payable to the Securities and Exchange Commission;

(3) Defendants are ordered to pay pre-judgment interest on the sums owed which shall be calculated in accordance with the delinquent tax rate as established by the Internal Revenue Service, IRC § 6621(a)(2), and assessed on a quarterly basis, on the profits Defendants jointly received from their illegal activities, based on the principal amount of $4.5 million Defendants received in ill-gotten gains and the $296,147 Cimilluca diverted to his account and accounts he managed.  Defendants are ordered to make this payment

within fifteen (15) days after entry of this Final Judgment by certified check, bank cashiers check, or United States postal money order payable to the Securities and Exchange Commission;

(4)  Civil penalties are hereby assessed against all Defendants under Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78(d)(3), and Section 209(e) of the Advisers Act, 15 U.S.C. § 80b-9.   In this regard the Court imposes on Defendants Brown & Company, 21st Century and Brown Investments, a third-tier civil penalty of $4.5 million dollars, a sum equal to Defendants' pecuniary gain. As to Defendant Cimilluca, the Court imposes on him a third-tier civil penalty of $250,000 to be paid by Cimilluca, individually.  As to Defendant Ken Brown, the Court imposes on him a third-tier civil penalty of $250,000, to be paid by Ken Brown individually.  As to Defendant Wendy Brown, taking into account her more limited role in the corporations, and noting that while she was the compliance officer, it was her husband, Ken Brown who held himself out as an investment adviser, was responsible for the day-to-day operations of the corporations, and made the majority of the corporate decisions, the Court imposes on her a third-tier civil penalty of $100,000 to be paid by Wendy Brown, individually.  Defendants are ordered to make this payment within fifteen (15) days after entry of this Final Judgment by certified check, bank cashiers check, or United States postal money order payable to the Securities and Exchange Commission;

(5) This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment;

(6) There being no just reason for delay, pursuant to Rule 54 (b) of the Federal

4

Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice; and,

(7)  The Clerk's Office is directed to close this case and deny any and all pending motions as moot.

**DONE AND ORDERED** this 19th day of December, 2007, in Chambers, at West Palm Beach, Florida.

_Linnea R. Johnson_

LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE


CC:  The Honorable Donald M. Middlebrooks
     All Counsel of Record