UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80367-CIV-JOHNSON

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

K.W. BROWN & COMPANY,
21ST CENTURY ADVISORS, INC.,
K.W. BROWN INVESTMENTS, INC.
KENNETH BROWN, WENDY BROWN,
AND MICHAEL CIMILLUCA, JR.,

        Defendants.
_____/

### DISTRIBUTION AGENT'S UNOPPOSED MOTION FOR ORDER AUTHORIZING PAYMENT OF FEES AND COSTS

    Kevin B. Love, Court-appointed Distribution Agent in this Action, hereby seeks an order authorizing payment of the Distribution Agent's fees and expenses for the period January 1, 2010 through March 31, 2010. The Distribution Agent also seeks authorization to pay the fees and costs of his (1) Expert; (2) Accountant; and (3) Claims Administrator, for the same time period. In support of this motion, the Distribution Agent states the following:

### Introduction

    1.    On January 29, 2009, the Court entered an Order, which, among other things: (1) established a Fair Fund comprised of the entire amount deposited in the Court's Registry in connection with this Action; and (2) appointed Kevin B. Love of Criden & Love, P.A. as Distribution Agent for the Fair Fund.

    2.    On March 5, 2009, the Court entered an Order directing the Distribution Agent to,

among other things: (1) invest the funds in certificates of deposit at various financial institutions so that each CD is fully insured by the FDIC; (2) pay all taxes due for the Fair Fund; (3) open a checking account to pay current expenses; and (4) retain Maria Yip as an expert and Rust Consulting as the Claims Administrator.

## Funds

3.      As of the date of this motion, all of the funds have been invested in CDs (other than the monies deposited in a checking account at Gibraltar Bank for current expenses or the Distribution Agent's IOTA). The original CDs are expected to earn in excess of $175,000 on an annualized basis, which will help defray the costs of the distribution. Per the Court's August 4, 2009 Order, proceeds from matured CDs are being reinvested in CDs with terms of no more than 90 days. Because of the shorter duration, interest rates will be lower than the original CDs' interest rates, and the expected annualized return will begin to decrease as each original CD matures.

## Taxes

4.      With the assistance of Damasco & Associates, the Distribution Agent has timely filed all tax returns and other tax forms with the IRS. On March 15, 2010, Damasco & Associates filed the Fund's 2009 Tax Return. Damasco & Associates seeks reimbursement of $1,784.79 for its fees and costs associated with the filing of the return. In support of this request, attached as Exhibit "A" is the Declaration of Jude P. Damasco and Invoice 24161. The Distribution Agent has reviewed the Declaration and Invoice and believes that the request is reasonable. Therefore, the Distribution Agent requests that the Court enter an order authorizing it to pay Damasco & Associates $1,784.79.

**Expert Fees**

5.      Maria M. Yip is the Distribution Agent's expert.  Since her retention in March 2009, Ms. Yip has worked with the Distribution Agent to formulate a distribution plan.  With Ms. Yip's assistance, the Distribution Agent submitted a proposed distribution plan to the SEC in November 2009.  The Distribution Plan was then filed with the Court and was later approved by the Court on March 3, 2010.  Since the Plan was approved, Ms. Yip has been working with the Distribution Agent and the Claims Administrator to implement the Plan in accordance with its terms.

6.      For the period January 1, 2010 through March 31, 2010, Ms. Yip is requesting $808.00, consisting of $714.50 in fees at her reduced hourly rates and $93.50 in expenses.  *See* Invoice #1032, attached hereto as Exhibit "B."  The Distribution Agent has reviewed Ms. Yip's invoice and believes it is reasonable.  The Distribution Agent therefore requests that the Court authorize the Distribution Agent to pay Ms. Yip a total of $808.00.

**Claims Administrator's Fees**

7.      Rust Consulting is the Distribution Agent's Claims Administrator.  As Claims Administrator, Rust is responsible for sending out Notice to investors as well as calculating the Recognized Losses for each investor in accordance with the terms of the Distribution Plan.  Since the fall of 2009, in conjunction with the Distribution Agent and the Expert, Rust has developed a computer program and database to calculate each investor's Recognized Loss.  Rust is currently processing the Allocation and Correction Sheets to calculate Recognized Losses.  Rust expects that process to be completed by August 31, 2010.

8.      Rust has also developed a database to serve Notice to all of the investors.  Direct Notice was sent out to all known investors on April 2, 2010 and Summary Notice was published in

several area newspapers starting on April 29, 2010. Rust assisted the Distribution Agent in generating the Notice, Summary Notice and Claim Form. Rust also developed and hosts the Fund's website.

9. For the period inception through March 31, 2010, Rust is requesting $115,753.74, consisting of $112,526.26 in fees at its reduced hourly rates and $3,227.48 in expenses. *See* Invoice #0001, attached hereto as Exhibit "C." The Distribution Agent has reviewed Rust's invoice and believes it is reasonable. The Distribution Agent therefore requests that the Court authorize the Distribution Agent to pay Rust a total of $115,753.74.

## Distribution Agent's Fees

10. As the Court is aware, the Distribution Agent submitted a proposal to the SEC to be appointed Distribution Agent, which included a commitment to perform work on this case at reduced rates. The following request for reimbursement is consistent with that commitment.

11. A statement for the period of January 1, 2010 through March 31, 2010, summarizing the services rendered and costs incurred by the Distribution Agent, is attached hereto as Exhibit "D." As shown by Exhibit D, the Distribution Agent is requesting $15,187.50 as reasonable fees and $390.19 in expenses, for a total of $15,577.69.

12. Per the Court's prior order, all distributions authorized by the Court shall be paid out of the Gibraltar Bank checking account created to pay the Fund's expenses.

## Non-Opposition of the SEC

13. The Distribution Agent has discussed the relief sought herein with the SEC and is

authorized to represent to the Court that the SEC does not oppose this Motion.[1]

**WHEREFORE**, Kevin B. Love, as Court-appointed Distribution Agent, respectfully requests that the Court enter an Order that: (1) grants this motion; (2) authorizes payment of fees and costs to Damasco & Associates in the total amount of $1,784.79 for services rendered and costs incurred for the period of January 1, 2010 through March 31, 2010; (3) authorizes payment of fees and costs to Maria M. Yip in the total amount of $808.00 for services rendered and costs incurred for the period of January 1, 2010 through March 31, 2010; (4) authorizes payment of fees and costs to Rust Consulting in the total amount of $115,753.74 for services rendered and costs incurred for the period of inception through March 31, 2010; and (5) authorizes payment of fees and costs to the Distribution Agent in the total amount of $15,577.69 for services rendered and costs incurred for the period of January 1, 2010 through March 31, 2010.

---

[1] The Distribution Agent notes that under 17 C.F.R. § 201.1106, no person, other than the SEC, has the right to challenge or object to any motion by the Distribution Agent in this case, except as is permitted under section 201.1103 (notice of proposed plan and opportunity for comment by non-parties). In its January 29, 2009 Order, the Court permitted the Defendants the opportunity to be heard regarding the "plan of distribution, the claims process, and/or determination of claims." This motion does not relate to the plan of distribution, the claims process, and/or determination of claims. Therefore, the Distribution Agent consulted with only the SEC regarding the relief requested herein.

For the Court's convenience, a proposed order granting this Motion is attached hereto as Exhibit "E."

Respectfully submitted,

**CRIDEN & LOVE, P.A.**
7301 SW 57th Court, Suite 515
South Miami, Florida   33143
Telephone: (305) 357-9000
Facsimile: (305) 357-9050
E-Mail: klove@cridenlove.com


By: s/ Kevin B. Love
      Kevin B. Love
      Florida Bar No. 993948

*Distribution Agent for the*
*K.W. Brown SEC Fair Fund*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on April 26, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified.

| | |
|---|---|
| Christopher E. Martin, Esq.<br>Brian K. Barry, Esq.<br>Securities and Exchange<br> Commission<br>801 Brickell Ave., Suite 1800<br>Miami, FL 33131<br>(Service by ECF)<br>*Counsel for Plaintiff SEC* | James B. Koch, Esq.<br>Gardiner Koch & Weisberg<br>53 West Jackson Blvd., Suite 1550<br>Chicago IL 60604<br>(Service by U.S. Mail)<br>*Counsel for Defendants K.W. Brown & Co.,*<br>*21st Century Advisors, Inc., K.W. Brown*<br>*Investments Inc., Kenneth Brown and*<br>*Wendy Brown* |
| Thomas F. Burke, Esq.<br>The Law Office of Thomas F. Burke, P.C.<br>53 W. Jackson Blvd., Suite 1441<br>Chicago, IL 60604<br>(Service by U.S. Mail)<br>*Counsel for Defendant Michael Cimilluca* | Mr. Kenneth W. Brown<br>4020 South Ocean Blvd.<br>Manalapan, FL 33462-6217<br>(Service by U.S. Mail)<br>*For Defendants K.W. Brown & Co.,*<br>*21st Century Advisors, Inc., K.W. Brown*<br>*Investments Inc., and Kenneth Brown* |
| Sandy Weinberg, Jr., Esq.<br>Zuckerman Spaeder LLP<br>101 E. Kennedy Blvd., Suite 1200<br>Tampa, FL 33602-5858<br>(Service by U.S. Mail)<br>*Counsel for Defendant Wendy Brown* | |

                                                s/ Kevin B. Love
                                                Kevin B. Love

L:\170\PLEADINGS\Fifth Motion for Fees and Costs.wpd